

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA,

v.

MARCUS MARTIN BOWMAN,

            Defendant.

---

1:18-CR-120 – LJV-MJR

REPORT and RECOMMENDATION

This case was referred by the presiding judge, the Honorable Lawrence J. Vilardo, to this Court, pursuant to 28 U.S.C. §636(b)(1), to handle non-dispositive discovery motions and to make a recommendation as to all dispositive motions. (Dkt. 6).

Before the Court are suppression motions by defendant Marcus Martin Bowman. ("defendant"). (Dkt. No. 253). The non-dispositive motions made by defendant Bowman were addressed by separate Decision and Order of this Court. (Dkt. No. 440). For the following reasons, it is recommended that defendant's motions to suppress evidence and statements be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On October 4, 2018, a federal grand jury returned a Superseding Indictment charging 16 defendants with 42 counts of criminal conduct. (Dkt. No. 85). Defendant Bowman was charged with conspiracy to possess with intent to distribute 50 grams or more or methamphetamine in violation of Title 21, United States Code, Sections 846, and attempted possession with intent to distribute 50 grams or more of methamphetamine in violation of Title 21, United States Code, Section 846.

On July 22, 2019, Defendant filed omnibus pretrial motions seeking, *inter alia*, a bill of particulars, joinder of co-defendants' motions, discovery, and leave to make further motions. (Dkt. No. 253). The Government filed a response to the motion on August 19, 2019. (Dkt. No. 276). The Court heard oral argument on these motions on September 16, 2019 and directed that additional discovery, affidavits of standing, or other supplements be filed by September 30, 2019. At oral argument, defense counsel stated her intent to bring a suppression motion. Defendant subsequently filed an affirmation in support of his motions to suppress physical evidence seized from 18 Wisteria Drive, Fredonia, New York and custodial statements made at the time of his arrest on June 18, 2018. (Dkt. No. 296). The Government filed a response in opposition to the supplemental motions to suppress. (Dkt. No. 307). On November 13, 2019, defense counsel sought an extension of time pending negotiations of a possible plea agreement for defendant. (Dkt. No. 322). Defendant's non-dispositive motions were addressed by separate Decision and Order of this Court on April 9, 2020. (Dkt. No. 440). On May 12, 2020, the Court held a status conference at which defense counsel advised that a plea agreement had not yet been reached, and defendant planned to go to trial. At that time, the Court requested additional documentation from the Government and deemed the matter submitted for decision.

## **BACKGROUND**[1]

On June 15, 2018, a United States Postal Inspector obtained a federal search warrant from this Court for a Priority Mail Express parcel addressed to "Jasmin Lopez, 18 Wisteria Dr, Fredonia, NY 14063," bearing a return address of "Jessica Brown, 1319 W 48th St., Los Angeles, CA 90038," USPS tracking number EL 399 584 144 US, mailed

---

[1] All facts in this section are taken from the Government's Response to Defendant's Supplemental Motion to Suppress. (Dkt. No. 307, pgs. 2-4).

2

from Los Angeles, CA 90030 (hereinafter the "Subject Parcel"). Execution of this search warrant revealed that the Subject Parcel contained approximately 2 lbs. 1.3 oz. of a white crystalline substance that field tested positive for methamphetamine, a Schedule II controlled substance. Federal agents understood this quantity of methamphetamine to be consistent with large-scale drug trafficking and distribution and not with personal use. On June 17, 2018, this Court issued an order authorizing the installation, activation, and monitoring of an electronic transmitting device in the Subject Parcel and a search warrant for the premises at 18 Wisteria Drive, Fredonia, New York.

On June 18, 2018, at approximately 2:00 PM, members of the Drug Enforcement Agency ("DEA"), the Federal Bureau of Investigation ("FBI"), and United States Postal Inspection Service ("USPIS") conducted a controlled delivery of Subject Parcel to 18 Wisteria Drive. An electronic transmitter had been inserted into the Subject Parcel and the methamphetamine was replaced with sham. Prior to the delivery, officers with the Jamestown Police Department and other law enforcement agents had established surveillance of the residence. Postal Inspector Brian Richards, acting in the role of a U.S. Postal Service Mail Carrier, delivered the Subject Parcel to 18 Wisteria Drive. When there was no answer at the door, Inspector Richards left a notice regarding the parcel and walked away. At this time, agents observed an individual later identified as Marcus Martin Bowman ("defendant") exit the residence and run through the apartment complex parking lot, making several circles, appearing to be looking for the mailman and the mail truck. Shortly thereafter, the U.S. Postal Inspector returned to the apartment complex and was met by Bowman in the parking lot. Bowman and the U.S. Postal Inspector returned to the front of 18 Wisteria Dr. and Bowman accepted the package and entered the residence.

Approximately two minutes later, the transmitter in the Subject Parcel emitted a high-frequency signal that alerted members of the investigative team that the Subject Parcel had been opened. As law enforcement attempted to enter the home, Bowman or his co-defendant Jamell Trapp pushed the door shut. Law enforcement eventually made entry and detained both subjects at the time.

On June 18, 2018, following the arrest of Bowman, *Miranda* rights were read to each individual by DEA Special Agent Mike Terhune, and were witnessed by DEA Special Agent Dave Leary. Bowman then made incriminating statements. When asked about the package that was delivered to the house on that date, Bowman stated that he took the package from the mailman but he didn't know what was in it. He stated that he was playing video games and working out when the mailman knocked on the door. He stated that he was in the restroom when the mailman knocked on the door. Upon opening the front door, Bowman noticed a package notice on the door from the post office. Bowman stated that he brought the package inside and placed it down on the floor and behind a wall where he couldn't see the package. He then stated that he called Brianna Darling, co-defendant Trapp's girlfriend, and stated that a package came and she said okay. Bowman stated that Trapp was upstairs with his son and Bowman was downstairs. When asked who opened the package, Bowman repeated several times that Bowman did not open the package. When Special Agent Terhune stated that there were only two people in the house, Bowman maintained that he did not open the package and he does not know who did. Bowman stated that he is Trapp's cousin, is visiting from California and had lived with Trapp since March in a blue house on Thayer Street in Jamestown. Bowman stated that he makes money by going to the casino and gambling in Salamanca and Buffalo. He

4

stated he sends money to California to his son's mother. Bowman further stated that he does not want to get killed. Bowman then stated that, in sum and substance, he took the package in and told "him" (referring to Trapp) that the package was here.

## DISCUSSION

Defendant moves for suppression of physical evidence seized from 18 Wisteria Drive, Fredonia, New York and custodial statements made at the time of his arrest on June 18, 2018. (Dkt. Nos. 253, 296). Defendant argues that the search warrant for 18 Wisteria Drive was issued improperly and without probable cause. (Dkt. No. 296, ¶¶ 1-5). He further asserts that, subsequent to the search, he was detained and questioned by law enforcement in violation of his constitutional rights. (Id. at ¶ 6). The Government contends that defendant has not established standing to challenge the search of 18 Wisteria Drive. (Dkt. No. 307, pgs. 507). It further argues that the search warrant for 18 Wisteria Drive was lawfully issued upon a proper showing of probable cause. (Id. at 7-9). As to the custodial statements, the Government asserts that defendant has raised no factual dispute to support his motion to suppress. (Id. at 9-10).

### Search of 18 Wisteria Drive

On or about June 18, 2018, law enforcement searched the residence at 18 Wisteria Drive in Fredonia, New York. The search was conducted pursuant to a search warrant issued by this Court on June 17, 2018. Defendant's affirmation identifies himself as an overnight guest at 18 Wisteria Drive on June 18, 2018 and asserts standing to challenge the search of the residence on that date. (Dkt. No. 296). He states he "arrived the day before to stay with a friend" but provides no other details about his relationship to the premises. (Id.)

The Fourth Amendment protects people only where they have met a twofold requirement: "first that a person have exhibited an actual (subjective) expectation of privacy, and second, that the expectation be one that society is prepared to recognize as 'reasonable.'" *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring). It is well-settled that an overnight guest has a legitimate expectation of privacy in his host's home and thus has standing to challenge a search, *see Minnesota v. Olson*, 495 U.S. 91, 98-100 (1990), but one who is merely present with the consent of the household holder may not. *Minnesota v. Carter*, 525 U.S. 83, 90 (1998). An individual who is present in another's home for a short period of time, for merely for commercial purposes (such as for packaging illegal drugs), and without a previous connection to the household, may not claim Fourth Amendment protections. *See Carter*, 525 U.S. at 90-91. Although defendant has provided very little information about his relationship to the residents and household of 18 Wisteria Drive, the Court will assume that he has proper standing as an overnight guest to challenge this search.

Upon a challenge to a probable cause finding made in a search warrant, a reviewing court must give deference to the issuing judge. *Illinois v. Gates*, 462 U.S. 213, 236 (1969). The court is not to conduct a de novo review nor is it to "interpret[] affidavit[s] in a hypertechnical, rather than a commonsense, manner." *Id.* Instead, the role of a reviewing court "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* at 238 (internal citations omitted). To that end, warrant affidavits are entitled to "a presumption of validity." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). The Supreme Court has held that a defendant is entitled to an evidentiary hearing with respect to the validity of a search warrant only if they can make

6

a substantial preliminary showing that: (1) the warrant affidavit contained a false statement; (2) the false statement was included intentionally or recklessly; and (3) the false statement was integral to the probable cause finding. 438 U.S. at 155-56.

No such showing has been made here. A search warrant issued by an impartial magistrate is presumptively valid. *United States v. Smith*, 9 F.3d 1007, 1012 (2d. Cir. 1993). Where, as here, the Court is reviewing the probable cause determination of an independent magistrate, it asks solely "whether the issuing judicial officer had a substantial basis for the finding of probable cause." *United States v. Wagner*, 989 F.2d 69, 72 (2d Cir. 1993). Doubts regarding the existence of probable cause should be resolved in favor of upholding the search warrant. *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983). Applying this standard of review to the warrant application, the Court has reviewed the application and finds that probable cause existed for the warrant. For these reasons, the Court recommends that defendant's request for suppression of evidence on these grounds be denied.

Defendant's motion to suppress should also be denied based on the "good faith exception" established in *United States v. Leon*, 468 U.S. 897 (1984). Under *Leon*, evidence seized pursuant to a challenged warrant is not subject to suppression so long as law enforcement acted with objective and reasonable good faith, even if the judicial officer erred in finding probable cause. *Id.* at 922. Here, for the reasons stated above, the Court finds that the law enforcement officers who executed the search warrants had a good faith basis to believe that the warrants were lawfully issued based upon a finding of probable cause. The warrant application certainly was "not 'so lacking in indicia of probable cause' that it was unreasonable for the officers to rely upon" them. *United States*

*v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992) (quoting Leon, 468 U.S. at 923). Thus, defendant's motion to suppress may also be denied on this alternative ground.

Accordingly, the Court recommends that defendant's motion to suppress evidence gained from the search of 18 Wisteria Drive be denied for the foregoing reasons.

### Custodial Statements

Defendant further asserts that his constitutional rights were violated when he was detained and questioned by law enforcement subsequent to the search. (Dkt. No. 296, ¶ 6). Defendant provides no other factual allegations to support a motion to suppress these statements. The Government submits that *Miranda* rights were read to defendant by Agent Mike Terhune, and witnessed by Agent Dave Leary, following his June 18, 2018 arrest. An assertion that *Miranda* warnings were not given, when the government asserts the contrary, creates a specific factual dispute, which cannot properly be resolved without an evidentiary hearing. *See United States v. Mathurin*, 148 F.3d 68, 69 (2d Cir. 1998). Here, however, defendant has not asserted that he was not provided *Miranda* warnings.

An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact exist. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992). Defendant's affirmation contains only conclusory statements that the questioning was a violation of his constitutional rights. This claim lacks adequate specificity and detail to warrant a hearing. See *Mathurin*, 148 U.S. at 69 (a bald assertion that a statement was involuntary, without specification of the factual basis for such a characterization, does not require a hearing); *United States v. Ferrer*, 765 Fed. Appx. 622, 625 (2d Cir. 2019) (a motion stating that defendant was subjected to "unlawful police-

initiated interrogation," without other supporting affidavits or exhibits, failed to create a factual dispute and a hearing was not warranted). Thus, the Court credits the Government's assertions that defendant received *Miranda* warnings and voluntarily waived those rights in making custodial statements.

Accordingly, the Court thus recommends that defendant's motion to suppress statements be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that defendant's motion to suppress evidence and statements be denied (Dkt. No. 253).

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to the recommendations portion of this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 59(b), 45(a), and 45(c) of the Federal Rules of Criminal Procedure, and Local Rule of Criminal Procedure 59. Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

Magistrate Judge in the first instance. See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Criminal Procedure 59(c)(2), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

Dated: May 26, 2020
       Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge